# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRANCE MOSS,<br><br>*Plaintiff-Appellee*<br><br>v.<br><br>CLEO AI Inc.,<br><br>*Defendant-Appellant* | No. 25-5856 |
| SAMUEL VICKERY, *et al.*,<br><br>*Plaintiffs-Appellees*<br><br>v.<br><br>EMPOWER FINANCE, INC.,<br><br>*Defendant-Appellant* | No. 25-6377 |
| JOHN REVELL,<br><br>*Plaintiff-Appellee*<br><br>v.<br><br>GRANT MONEY, LLC; KIKOFF, INC.,<br><br>*Defendants-Appellants* | No. 25-7035 |
| MICHAEL RUSSELL, *et al.*,<br><br>*Plaintiffs-Appellees*<br><br>v.<br><br>DAVE INC. and EVOLVE BANK & TRUST, | No. 26-12 |

| *Defendants-Appellants* | |
|---|---|

## JOINT MOTION TO COORDINATE RELATED APPEALS FOR ARGUMENT BEFORE A SINGLE PANEL

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27-1, Defendants-Appellants in the four above-captioned appeals hereby jointly move the Court to coordinate these cases for oral argument before a single panel.

As explained below, the four appeals raise very similar questions concerning the interpretation of the Military Lending Act ("MLA") provision prohibiting enforcement of arbitration agreements, *see* 10 U.S.C. § 987(f)(4). Defendants-Appellants do not seek formal consolidation; the cases would remain separate appeals, with separate briefing, separate argument time, and separate dispositions. The relief sought is limited to coordinated assignment to a single merits panel with the same argument date once all four appeals are fully briefed.

This Court has granted similar relief in prior appeals raising common questions concerning the enforceability of consumer arbitration agreements. *See Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 822 n.1 (9th Cir. 2019). The same approach is warranted here to avoid the risk of

2

inconsistent decisions across panels on the same legal issues and to conserve the resources of the Court and the parties.

Counsel for Defendants-Appellants have contacted counsel for Plaintiffs-Appellees in these cases, who have indicated that they intend to oppose the motion.

## BACKGROUND

Each of the four appeals identified below arises from a district court order denying the defendant's motion to compel arbitration of putative class claims relating to a cash advance or overdraft product. Each appeal turns on the interpretation of the Military Lending Act's arbitration prohibition, 10 U.S.C. § 987(f)(4). Three of the appeals—*Moss*, *Revell*, and *Russell*—present the threshold question whether the MLA's arbitration prohibition reaches arbitration agreements that include opt-out provisions. Three of the appeals—*Vickery*, *Moss*, and *Revell*—present the question whether the defendant's product constitutes "consumer credit" subject to a "finance charge" within the meaning of the MLA and its implementing regulations, 32 C.F.R. § 232.3.

***Moss v. Cleo AI, Inc.*, No. 25-5856.** *Moss* is an appeal from an order of the United States District Court for the Western District of

3

Washington denying Cleo AI's motion to compel arbitration. Defendant Appellant Cleo AI's arbitration agreement includes an opt-out provision. The appeal presents the following issues: (1) whether the arbitrator, rather than the court, must decide arbitrability under the parties' delegation clause; (2) whether the MLA's prohibition on arbitration agreements, 10 U.S.C. § 987(f)(4), applies to arbitration agreements that include an opt-out provision; (3) whether Cleo AI's cash advance product constitutes "credit" under the MLA; (4) whether the fees associated with the product are "finance charges" under the MLA; and (5) whether the Military Lending Act bars enforcement of the arbitration agreement for claims under the Truth in Lending Act. The appeal is fully briefed.

***Vickery v. Empower Finance, Inc.*, No. 25-6377.** *Vickery* is an appeal from an order of the United States District Court for the Northern District of California denying Defendant-Appellant Empower Finance's[1] motion to compel arbitration. Empower's arbitration agreement does not contain an opt-out provision. The appeal presents two issues: (1) whether

---

[1] Empower is now known as "Tilt" and does business as Tilt. For purposes of these proceedings, we continue to use "Empower" (the company's prior name) to maintain consistency with the proceedings before the district court.

Empower's "Cash Advance" product constitutes "credit" under the MLA, and (2) whether Empower's "Instant Delivery Fee" is a "finance charge" under the MLA. Empower's reply brief is due on May 22, 2026.

*Revell v. Grant Money, Inc.*, **No. 25-7035.** *Revell* is an appeal from an order of the United States District Court for the Northern District of California denying Defendant-Appellant Grant Money, Inc.'s motion to compel arbitration. Grant Money's arbitration agreement provides users a 30-day period to reject arbitration. The appeal presents the following issues: (1) whether the MLA's arbitration prohibition reaches arbitration agreements that include an opt-out provision; (2) whether Grant Money's cash advance product constitutes "credit" under the MLA; (3) whether the associated fees are "finance charges" under the MLA; and (4) whether the Military Lending Act bars enforcement of an arbitration agreement for claims made under the Truth in Lending Act or the Georgia Payday Lending Act. Grant Money's reply brief is due June 22, 2026.

*Russell v. Dave, Inc.*, **No. 26-12.** *Russell* is an appeal from an order of the United States District Court for the Central District of California denying Defendant-Appellant Dave Inc.'s motion to compel

arbitration. Dave's arbitration agreement includes an opt-out provision. Although the district court ruled against Dave on both the threshold arbitration question and the merits questions concerning credit and finance charges, Dave's appeal is limited to the following two issues: (1) whether the arbitrator, rather than the court, must decide arbitrability under the parties' delegation clause; and (2) whether the MLA's arbitration prohibition applies to arbitration agreements that include an opt-out provision. The appellees' answering brief is due June 12, 2026.

## **DISCUSSION**

Defendants-Appellants have conferred and respectfully request that the Court assign all four appeals to the same merits panel and calendar them for oral argument on the same day, with each appeal receiving its own argument time and remaining subject to its own separate disposition. Appellants do not seek formal consolidation under Federal Rule of Appellate Procedure 3(b)(2); each appeal would retain its own briefing, its own argument, and its own decision on the merits. The relief sought is limited to coordinated panel assignment and calendaring.

This Court has the inherent authority to manage appellate proceedings. *See United Sates v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir.

6

2008). The Court previously has coordinated separate appeals raising overlapping questions about the enforceability of consumer arbitration agreements by assigning them to the same merits panel and calendaring them for argument on the same day. In *Blair v. Rent-A-Center, Inc.,* 17-17221, *Tillage v. Comcast Corp.*, 18-15288, and *McArdle v. AT&T Mobility LLC*, 17-17246—three separate appeals raising common questions concerning the enforceability of arbitration provisions under California law and the Federal Arbitration Act—the cases were assigned to the same merits panel and heard together on the same argument day. *See* Order, Doc. 34, *Blair v. Rent-A-Center, Inc.*, No. 17-17221 (Jan. 30, 2019). The cases were not formally consolidated; each retained its own briefing, its own argument time, and its own disposition. *See Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 822 n.1 (9th Cir. 2019); *see also Tillage v. Comcast Corp.*, 772 Fed. App'x 569 (9th Cir. 2019); *McArdle v. AT&T Mobility LLC*, 772 Fed. App'x 575 (9th Cir. 2019).

That arrangement allowed a single panel to consider the overlapping legal questions while preserving the procedural independence of each appeal, and it produced a coherent set of decisions

across cases that would otherwise have presented a meaningful risk of intra-circuit inconsistency.

The four appeals here are well suited for the same procedural treatment, for three related reasons.

*First*, the appeals present substantially overlapping legal questions arising from similar products. As detailed above, three of the four appeals—*Moss*, *Revell*, and *Russell*—present the threshold question whether the MLA's prohibition on arbitration agreements, 10 U.S.C. § 987(f)(4), reaches arbitration agreements with opt-out provisions. Three of the four appeals—*Vickery*, *Moss*, and *Revell*— present the merits question whether cash advance products constitute "consumer credit" subject to a "finance charge" within the meaning of the MLA and 32 C.F.R. § 232.3.

*Second*, coordinated argument before a single panel would mitigate the risk of inconsistent decisions across panels. If these appeals proceed before separate panels on different schedules, there is a meaningful risk that different panels will reach different conclusions on the same threshold and merits questions, creating intra-circuit conflicts that would require *en banc* resolution. Coordinated assignment to a single

merits panel eliminates that risk while preserving each appeal as a separate proceeding with its own disposition.

*Third*, coordinated argument would conserve the resources of the Court and the parties. A single panel could review the relevant statutory and regulatory provisions once, rather than having four panels each work through the same materials separately.

Appellants are not seeking formal consolidation under Federal Rule of Appellate Procedure 3(b)(2). The four appeals involve different parties, arise from orders entered by four different district courts, and concern different financial products with different fee structures and different contractual provisions. The legal issues, while substantially overlapping, are not identical: *Russell*, for example, does not present the merits credit and finance-charge questions, and *Moss* and *Revell* present subsidiary TILA-arbitrability and state-law issues that the others do not. As in *Rent-A-Center*, coordinated panel assignment and calendaring captures the benefits of joint consideration—a single panel hearing the overlapping questions on a common record—without the complications of collapsing these distinct appeals into a single proceeding.

9

The four appeals are at different stages of briefing but will all be fully briefed by late July 2026. *Moss* is fully briefed. The reply brief in *Vickery* is due May 22, 2026. The answering brief in *Russell* is due June 12, 2026. The reply brief in *Revell* is due June 22, 2026. Appellants do not seek any modification of the existing briefing schedules. The relief requested is limited to coordinated panel assignment and calendaring of oral argument once all four appeals are fully briefed. Therefore, a coordinated argument date will have a minimal impact on the timeline of these appeals. Moreover, counsel for Defendants-Appellants in all four appeals are available to present oral argument during the Court's September 14-15, 2026 sitting dates in Portland or during any of the Court's October 2026 or November 2026 sittings in San Francisco, such that the coordinated argument can be calendared within the Court's already-noticed fall sittings.

## CONCLUSION

For the foregoing reasons, Defendants-Appellants respectfully request that the Court assign the four above-captioned appeals to the same merits panel and calendar them for oral argument on the same day,

10

with each appeal receiving its own argument time and its own separate disposition.

Dated: May 19, 2026

Respectfully submitted,

Counsel in Case No. 25-5856

*/s/ Benjamin W. Snyder*

Benjamin W. Snyder
Allyson B. Baker
Meredith Boylan
PAUL HASTINGS LLP
2050 M Street, NW
Washington, DC 20036
(202) 551-1700
bensnyder@paulhastings.com

Ben Gifford
Margaret Shields
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Derek Wetmore
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA 94111
(415) 856-7000

John S. Devlin, III
Erin Wilson
BALLARD SPAHR, LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101
(206) 223-7000

*Attorneys for Defendant-Appellant
Cleo AI Inc.*

Counsel in Case No. 25-6377

*/s/ Andrew J. Pincus*

Andrew J. Pincus
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
apincus@mayerbrown.com

Graham White
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500

*Attorneys for Defendant-Appellant*
*Empower Finance, Inc.*

Counsel in Case No. 25-7035

*/s/ Benjamin W. Snyder*

Benjamin W. Snyder
PAUL HASTINGS LLP
2050 M Street, NW
Washington, DC 20036
(202) 551-1700
bensnyder@paulhastings.com

Matthew P. Previn
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

*Attorneys for Defendant-Appellant
Grant Money, LLC*

Counsel in Case No. 26-12

*/s/ Charles L. McCloud*

Ryan T. Scarborough
Jesse T. Smallwood
Charles L. McCloud
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, DC 20024
 (202) 434-5000
lmccloud@wc.com

Benjamin W. Snyder
Meredith L. Boylan
Allyson B. Baker
PAUL HASTINGS LLP
2050 M Street, NW
Washington, D.C. 20036
(202) 551-1700

*Attorneys for Defendant-Appellants
Dave Inc. and Evolve Bank & Trust*

## CERTIFICATE OF SERVICE

I certify that on May 19, 2026, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Benjamin W. Snyder